UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DEREK LURCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ATLANTIC, et al.,<br><br>　　　　Defendants. | Civil Action No. 21-20589 (CPO) (SAK)<br><br><br>**OPINION AND ORDER** |

**O'HEARN, District Judge.**

　　Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 41.)  Defendants contend that the Court should revoke Plaintiff's *in forma pauperis* status and dismiss this matter, because he has three strikes under 28 U.S.C. § 1915(g).  Under § 1915(g) the Prison Litigation Reform Act prohibits a prisoner from bringing a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

　　In support of their motion, Defendants rely on *Lurch v. Bernal*, No. 20-9329 (S.D.N.Y.). (ECF Nos. 41-3, 41-4.)  In that case, on December 21, 2020, the Southern District of New York held that Plaintiff had accumulated three strikes in:

1. *Lurch v. City of New York*, ECF 1:18-CV-2379, 11 (S.D.N.Y. June 12, 2018) (*Lurch I*) (dismissed for failure to state a claim);

2. *Lurch v. N.Y.C. Dep't. of Corr.*, ECF 1:16-CV-3835, 11 (S.D.N.Y. Nov. 11, 2016) (*Lurch II*) (dismissed for failure to state a claim)

3. *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL 12172637 (E.D.N.C. June 7, 2013), *adopted sub nom.*, *Lurch v. Fayetteville Police Dep't & the Pantry, Inc.*, ECF 5:13-

>CV-0394, 13, 2013 WL 12172877 (July 31, 2013) (*Lurch III*)
>(dismissed as frivolous).

*Lurch v. Bernal*, No. 20-9329, 2022 WL 1205598, at *1 (S.D.N.Y. Mar. 28, 2022). The Southern District of New York, however, vacated its decision, explaining that:

>On February 2, 2022, Plaintiff filed a letter clarifying that the argument in his motion for reconsideration was that he was not incarcerated when he filed *Lurch v. Fayetteville Police Dep't*, No. 5:13-CV-0394 (BO), 2013 WL 12172637 (E.D.N.C. June 7, 2013) . . . . A closer review of that case revealed that Plaintiff was not incarcerated when he filed that action. Therefore, by order dated March 28, 2022, the Court vacated the denial of Plaintiff's motion for reconsideration, (ECF No. 7), granted the motion, and held that at the time Plaintiff filed this action, he was not barred under 28 U.S.C. § 1915(g), the PLRA's three-strikes provision, from filing actions IFP. (ECF No. 9.)

*Lurch*, 2022 WL 1205596, at *1. Accordingly, based on *Lurch v. Bernal*, Petitioner only has two potential strikes.

Defendants then refer to this Court's decision in *Lurch v. Kaiser*, No. 22-05054, 2023 WL 1420443, at *4 (D.N.J. Jan. 27, 2023), in which this Court dismissed that case without prejudice on January 27, 2023. Assuming *arguendo* that *Lurch v. Kaiser* constitutes a strike, Defendants have only demonstrated that Plaintiff accumulated three strikes on January 27, 2023.

Plaintiff, however, filed this action on December 6, 2021. (ECF No. 1.) Any strikes that accrue after the filing of a civil action do not count as strikes towards that action. 28 U.S.C. § 1915(g). Rather, § 1915(g) only bars prisoners from proceeding in *forma pauperis*, "if the prisoner has, on 3 or more *prior* occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. (emphasis added); *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 153 (3d Cir. 2017) ("All later-accrued strikes—even if imposed after the filing of the . . . [the complaint] but before the prisoner's IFP motion is decided—are not "prior" strikes, and therefore

do not "count" for purposes of the three strikes rule."); *see also Brown v. Sage*, 903 F.3d 300, 307–08 (3d Cir. 2018), *reh'g en banc granted, judgment vacated on other grounds*, 941 F.3d 655 (3d Cir. 2019) ("We conclude that strikes that accrue before the filing of a complaint count under § 1915(g), while strikes that accrue after do not.").

For those reasons, even assuming that Defendants' three remaining cases count as strikes, Defendants have failed to show that Plaintiff accrued all three prior to filing the Complaint in this matter.  Consequently, the Court will deny Defendants' motion to dismiss.  Accordingly,

IT IS, on this 22nd  day of March 2023,

**ORDERED** that Defendants' motion to dismiss, (ECF No. 41), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**