[ECF No. 75]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ROBERT DEREK LURCH, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNTY OF ATLANTIC, et al.,**<br><br>**Defendants.** | Civil No. 21-20589 (CPO/EAP) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Motion for *Pro Bono* Counsel, ECF No. 75 ("Pl.'s Mot."), filed by *pro se* Plaintiff Robert Lurch Jr. Defendants filed a brief in opposition. ECF No. 80 ("Defs.' Opp."). The Court exercises its discretion to decide Plaintiff's Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

On December 6, 2021, Plaintiff filed his original Complaint initiating this civil rights action, ECF No. 1. On October 19, 2022, Plaintiff filed an Amended Complaint, ECF No. 33 ("Am. Compl."). Plaintiff brings claims against Defendant Sergeant Shurig for excessive force under the Eighth and Fourteenth Amendments, as well as a due process violation under the Fourteenth Amendment, *id.* at 6-8.[1] Plaintiff alleges that Defendants Officers Howey and Merlino failed to protect and intervene during the alleged use of excessive force, *id.* at 5, 11-13. Plaintiff sues the Defendant County of Atlantic for *Monell* liability, alleging that the County has

---

[1] The Court cites to the ECF system's page numbers for each of Plaintiff's filings throughout this Memorandum Opinion.

unconstitutional customs or policies that fail to "ensure every detainee in their custody is alive and well," such as "utilizing housing areas that are not design[ed] to accommodate a floor officer [and] are not equipped with audio surveillance," and "no practice of conducting regular inmate head counting/cell check every 15 to 30 minutes," *id.* at 14; and Defendants Officers Denson, Merlino, and Mercado for a violation of his First Amendment right to send and receive mail and Sixth Amendment right to access to the courts, *id.* at 17-19.

Plaintiff's claims arise out of two incidents that occurred while he was incarcerated at the Atlantic County Justice Facility.[2] *Id.* at 14. The first incident occurred on November 12, 2021, when Plaintiff got into an argument with Officer Howey over when Plaintiff was required to return to his cell. *Id.* at 3. When Plaintiff called for a sergeant, Sergeant Shurig arrived and allegedly assaulted Plaintiff. *Id.* Plaintiff claims that Officer Howey witnessed the assault and did not intervene. *Id.* Defendants then allegedly placed Plaintiff in solitary confinement as a result of this altercation. *Id.* This first incident is the basis for the claims against Sergeant Shurig and Officer Howey. *See id.* at 3-4. The second incident occurred on May 6, 2022. *Id.* at 9. Other detainees called Plaintiff into a cell, where they allegedly assaulted Plaintiff when he entered. *Id.* At this time, Officer Merlino was delivering mail and called out Plaintiff's name, but Officer Merlino allegedly failed to investigate further when Plaintiff did not respond. *Id.* at 13. This second incident is the basis for the claims against Officers Merlino, Denson, and Mercado, as well as the County of Atlantic. *See id.* at 9-11, 14. Plaintiff also alleges that the Atlantic County Justice Facility did not implement proper procedures or utilize security equipment to protect detainees. *Id.* at 14. Finally, Plaintiff alleges that Officers Merlino, Denson, and Mercado tampered with Plaintiff's mail and interfered with his access to the courts. *Id.* at 17-19.

On May 24, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*.

---

[2] At the time Plaintiff filed this Motion, he was incarcerated in Elmira Correctional Facility in New York. Pl.'s Mot. at 4; Defs' Opp at 2.

2

*See* ECF No. 14. The Court appointed Plaintiff *pro bono* counsel for the limited purpose of serving his Complaint against the County of Atlantic on February 24, 2023. ECF No. 38. On May 30, 2023, *pro bono* counsel filed a letter on the docket, stating that counsel for Atlantic County did not contest service of the Complaint. *See* ECF No. 57. In addition, *pro bono* counsel noted that the County had filed a Motion to Dismiss the Complaint and an Answer. *Id.* Because service of the Complaint had been completed, on June 1, 2023, the Court terminated appointed counsel's limited *pro bono* assignment. *Id.*

On January 29, 2024, Plaintiff filed the present Motion for *pro bono* counsel. Pl.'s Mot. Plaintiff argues that appointment of counsel is appropriate because he lacks access to the law library, which prevents him from presenting his case or conduct any factual investigation due to his lack of resources. *Id.* at 4-5. In addition, Plaintiff asserts that the case is going to turn on credibility determinations and that he lacks sufficient experience in taking depositions. *Id.* at 5.

Defendants oppose Plaintiff's Motion for three reasons. *See* Defs.' Opp. at 3. First, Plaintiff has failed to take advantage of resources that could assist him in pursuing his case, including law schools, legal clinics, and bar associations. *Id.* Second, Defendants argue that "Plaintiff has demonstrated the ability to present well-crafted submissions to the Court, and an understanding of legal procedure" through his eighteen lawsuits where he has represented himself against "Officers and Doctors." *Id.* Third, Defendants argue that the relevant legal issues are not overly complex. *Id.*

**II.     DISCUSSION**

Motions for the appointment of *pro bono* counsel are governed by 28 U.S.C. § 1915(e). That statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  If this threshold is satisfied, then the substance of the applicant's request for *pro bono* counsel should be reviewed under the following factors (hereinafter the "*Tabron/Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).  None of the above factors is individually determinative, and the list is not exhaustive.  *Id.* at 458.  Rather, these factors articulate important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id.*

For purposes of this Motion, the Court will assume that Plaintiff's claims have "some merit in fact and law."  *Tabron*, 6 F.3d at 155.  Thus, the Court will assume Plaintiff has satisfied his threshold burden[3] and evaluate Plaintiff's Motion using the *Tabron/Parham* factors as a guidepost.

The first *Tabron/Parham* factor requires an evaluation of whether the litigant is capable of presenting his or her own case.  *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002).  This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action.  *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007).  This capability

---

[3] This assumption is for purposes of this Motion only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156. In cases where the plaintiff is incarcerated, "restraints placed upon him or her by confinement" should also be considered. *Tabron*, 6 F.3d at 156. The Third Circuit characterized this factor as "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

Here, Plaintiff argues that cannot present an effective case without an attorney. *See* Pl.'s Mot. at 4-5. Although Plaintiff does not describe his education or prior work experience in his Motion, the Court notes that Plaintiff has ample legal experience as a *pro se* litigant. In his Motion, Plaintiff states that he is working through "numerous legal matters." Pl.'s Mot. at 4. In their opposition, Defendants represent that Plaintiff currently has four "active federal lawsuits" and has filed eighteen lawsuits against correctional officers and medical personnel in the past. Defs.' Opp. at 3. Moreover, a review of the record indicates that Plaintiff is competent and capable of litigating this matter himself. Plaintiff's complaints, motions and other filings demonstrate his ability to adequately read, write, and understand English and the legal process. Even without the assistance of counsel, Plaintiff initiated this action, filed a successful motion to proceed *in forma pauperis*, and filed a variety of other motions and letters to the Court. Plaintiff's Amended Complaint is legible and organized by cause of action. Moreover, the Amended Complaint contains citations to several cases, statues, and exhibits. *See* Am. Compl. at 5-8, 11, 14, 18. In addition, Plaintiff has demonstrated an awareness of the Court's deadlines and rules by moving to reopen the case within the deadlines set by the Court. *See* ECF Nos. 5-6, 25, 31.

The Court acknowledges that Plaintiff has restraints imposed upon him due to his incarceration. Plaintiff states in his Motion that he is limited to five sheets of paper a week to handle all of his legal matters and that he does not have access to the law library. Pl.'s Mot. at 4-5. However, despite his limited resources, Plaintiff has still been able to make all the filings he

needed on time. At present, Plaintiff appears to be competent and capable of presenting the case himself. Thus, the first factor weighs against the appointment of counsel.

The second factor concerns the complexity of the legal issues presented in the case. Courts should be more inclined to appoint counsel when the legal issues are complex. *Tabron*, 6 F.3d at 156 ("'[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.'") (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). This case involves claims of excessive force and failure to intervene, among other alleged violations of Plaintiff's civil rights. *See* Am. Compl. at 5-8, 11-19. Plaintiff does not contend that the issues presented in this case are complex. *See* Pl.'s Mot. at 4-5. The Court finds that the legal issues implicated by Plaintiff's allegations are substantially developed and not uncommonly challenging. *See Bolling v. Davis*, No. 19-18545, 2023 WL 4551425, at *3 (D.N.J July 14, 2023) (noting that "excessive force claims are not particularly complex"). Therefore, these legal issues are not unduly complex for a litigant such as Plaintiff, who has significant past litigation experience. This factor weighs against the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation. Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant the appointment of counsel. *Tabron*, 6 F.3d at 156. Here, it does not appear that discovery will be extensive. Plaintiff does not provide any specific reasons why discovery would be difficult for him to conduct aside from stating that he is incarcerated. *See* Pl.'s Mot. at 5. Plaintiff's alleged lack of access to the law library will not inhibit him from conducting a factual investigation. In addition, the Court notes that Plaintiff is likely familiar with the rules of discovery from his past litigation experience, which would help him conduct an investigation in this case. *See* Defs.' Opp. at 3. For these reasons, the Court finds the third *Tabron/Parham* factor weighs against the appointment of counsel.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations. Plaintiff states in his Motion that his claims against Sergeant Shurig and Officer Howey will likely depend on credibility determinations. Pl.'s Mot. at 4. While most cases turn on some credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor, a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 147. Defendants likely have a different view on the incidents alleged in Plaintiff's Amended Complaint; however, if Plaintiff is able to obtain footage from the incidents, then it is less likely the case will turn on competing testimony. At this time, early in the procedural life of the case, the Court cannot answer whether the case will be "solely a swearing contest" like Plaintiff contends. Therefore, the Court finds the fourth *Tabron/Parham* factor to be neutral.

The fifth factor is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Tabron*, 6 F.3d at 156. However, the Third Circuit has clarified that the need for expert testimony does not warrant the appointment of counsel in every case. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). Plaintiff's Motion does not address this factor, and Plaintiff does not argue that expert testimony will be necessary to present his claims. Additionally, given the nature of his claims, it is not certain that expert testimony will be needed. Accordingly, the Court finds that the fifth *Tabron/Parham* factor weighs against the appointment of counsel.

The final *Tabron/Parham* factor is whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. Because Plaintiff is proceeding *in forma pauperis*, the Court finds the sixth *Tabron/Parham* factor weighs in favor of the appointment of counsel. This factor alone, however, does not require the Court to appoint *pro bono* counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 411 (D.N.J. 2002) (denying an application for *pro bono* counsel

7

where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel. . . .").

### III.     CONCLUSION

Because four of the six *Tabron/Parham* factors weigh against the appointment of counsel, and one is neutral, the Court **DENIES** Plaintiff's Motion.  The most important factors in this regard are that Plaintiff is capable of reading, writing, and presenting his own case, particularly in light of his substantial litigation history and experience; the relevant legal issues are not complex; and Plaintiff has not shown that expert witnesses will be required.

Accordingly, for all the foregoing reasons,

**IT IS** this **23rd** day of **July 2024**,

**ORDERED** that Plaintiff's Motion for *Pro Bono* Counsel, ECF No. 75, is **DENIED WITHOUT PREJUDICE**.  This Order is entered without prejudice to Plaintiff's right to re-file his Motion if warranted by material relevant developments and/or a change in circumstances; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was mailed to Plaintiff.

s/Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.