**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DEREK LURCH, | Civil Action |
| Plaintiff, | No. 21-20589 (CPO) (EAP) |
| v. | |
| COUNTY OF ATLANTIC, et al., | OPINION AND ORDER |
| Defendants. | |

**O'HEARN, District Judge.**

Before the Court is Plaintiff's motion for reconsideration of the Court's March 20, 2026, Opinion and Order. (ECF No. 163).  For the following reasons, the Court will deny Plaintiff's motion.

Local Civil Rule 7.1(i) governs motions for reconsideration and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See e.g.*, *Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013).  To be successful on a motion for reconsideration, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *E.g.*, *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As a preliminary matter, the motion is untimely as Plaintiff filed it nearly two months after the Court entered its decision.  *See* Fed. R. Civ. P. 59(e) ("[N]o later than 28 days after the entry of the judgment."); L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment.").

Next, for substantially the same reasons set forth in the Court's prior Opinion, Plaintiff has not met the reconsideration standard. (See ECF No. 160). Plaintiff primarily argues that he was not responsible for his misconduct, due to institutional transfers and his lack of stable housing. (ECF No. 163, at 3–6). His motion, however, fails to specifically address any of his many failures to comply with the Court's Rules and Orders, detailed in the Court's prior Opinion. (*Compare id*. at 2–6, *with* ECF No. 160, at 5–13). Nor does it meaningfully address the Court's findings as to any particular *Poulis* factor. (*Compare* ECF No. 163, at 2–6, *with* ECF No. 160, at 5–13).

Furthermore, it appears that Plaintiff has once again failed to provide the Court with his current address. Mail sent to Plaintiff on May 19, 2026, was returned as undeliverable on June 10, 2026, resulting in yet another failure to comply with Local Civil Rule 10.1 and the Court's prior Orders. (*See* ECF No. 168). Indeed, this decision may very well "find itself taking a round-trip tour through the United States mail." *See McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (cleaned up). Accordingly,

IT IS, on this 15<u>th</u> day of June 2026,

**ORDERED** that the Clerk of the Court shall reopen this case for consideration of Plaintiff's latest submissions; and it is further

**ORDERED** that Plaintiff's motion for reconsideration, (ECF No. 163), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff at his last known address by regular U.S. mail and once again CLOSE this case.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

2